UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMAN G. TRENT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-00257-SEB-DKL |
| ) | |
| BRIAN SMITH, SUPERINTENDENT, ) | |
| PLAINFIELD CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Norman Trent ("Trent") for a writ of habeas corpus must be **denied** and this **action dismissed with prejudice**. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

*A. Background*

On October 21, 2002, Trent was convicted in the Montgomery Circuit Court, Cause Number 54C01-0202-FA-000022, of a drug offense. Trent was sentenced consistent with his plea agreement to 12 years; 8 executed, 4 suspended. After serving approximately 4 years in custody (and receiving good time credit), Trent was released on probation. Trent then violated his probation and, as a result, the trial court judge revoked the 4 year suspended portion of his sentence. The amended abstract of judgment signed on September 27, 2007, reflects that Trent was sentenced to 12 years. Dkt. No. 3 at p. 7.

On March 14, 2011, Trent, by counsel, filed a motion to correct the amended abstract of judgment in the Montgomery Circuit Court arguing that Trent was erroneously ordered to serve the remainder of his 12 year sentence instead of just the 4 years previously suspended. The trial court summarily denied the motion as repetitive. Trent appealed arguing that the amended abstract of judgment imposes a sentence that exceeds that allowed by law. The Indiana Court of Appeals affirmed the trial court's denial of Trent's motion to correct the amended abstract of judgment on October 26, 2011. The Court of Appeals determined that Trent's motion was tantamount to a motion to correct erroneous sentence, and that Trent failed to present any evidence that he exhausted administrative review by the Department of Correction. (See Dkt. No. 18-7). Trent sought discretionary review by the Indiana Supreme Court, which was denied on February 2, 2012.

Trent now challenges the amended abstract of judgment through this petition for writ of habeas corpus. Trent asserts that there was an error in the amended abstract of judgment which resulted in the setting of his maximum release date on his 12 year sentence as August 3, 2015. Trent argues that upon release to probation, the 8 year executed portion of his sentence was "served" or executed. He states that upon his release he had no further obligation to the Department of Correction as to the 8 year executed portion of his sentence. Trent argues that the September 27, 2007, amended abstract of judgment is inaccurate, in that it should reflect that he was ordered to serve only the four year suspended portion of his sentence. The twelve year sentence, he argues, is inconsistent with Indiana Code § 35-38-2-3(h)(3) which provides in relevant part that if a petition to revoke probation is granted the court may "(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing." If the amended

abstract of judgment reflected a 4 year sentence, Trent asserts he would have completed his sentence in 2011.

The respondent disagrees with Trent's conclusion that upon his release to probation the 8 year executed portion of Trent's sentence was fully served or executed. The respondent argues that there was no error in the amended abstract of judgment that Trent's sentence is being correctly calculated. He also argues that Trent's failure to exhaust all state remedies bars this Court's consideration of his petition. 28 U.S.C. § 2254(b)(1)(A).

### B. Exhaustion of State Remedies

The respondent's contention that Trent failed to exhaust his state remedies is rejected. A review of the record reflects that Trent petitioned the trial court to correct the 12 year sentence reflected in the amended abstract of judgment. His request was denied and he appealed. He properly raised the issue before the Indiana Court of Appeals but that court characterized the issue as one of sentence calculation and determined, therefore, that Trent was required to exhaust his administrative remedies through the Department of Correction. This Court respectfully disagrees with the Indiana Court of Appeals determination that Trent's issue on appeal was one of sentence calculation. It is our view that Trent's objection was and continues to be that the sentence imposed in the amended abstract of judgment is illegal. Having determined that Trent exhausted his state remedies we now turn to the merits of his claim.

### C.    Amended Abstract of Judgment

Trent's argument that there was an error in the amended abstract of judgment and that his sentence is illegal is without merit.[1] Trent's sentence has always been 12 years. Four of the

---

[1] Trent cites to *Woods v. State*, 952 N.E.2d 2 (Table) (Ind. Ct. App. April 8, 2010) in support of his position. In *Woods*, the Indiana court of appeals found that the trial court's unambiguous oral sentencing statement was inconsistent with the trial court's abstract of judgment and remanded to correct the clerical error. *Id.* Contrary to Trent's view, this case does not support his position that the trial court imposed an illegal sentence upon revoking

twelve years were initially suspended, but when the suspended sentence was revoked in September of 2007, the trial court ordered Trent to the Department of Correction to finish the remainder of his 12 year sentence. A trial court may order execution of all or part of a suspended sentence when revoking probation pursuant to IND. CODE ' 35-38-2-3(h)(3). The September 2007, amended abstract of judgment is not inconsistent with IND. CODE ' 35-38-2-3(h)(3), in that the trial court judge simply revoked the suspended portion of the sentence; the effect of which was that the entire twelve year sentence was to be executed. Trent was given credit for the actual time he spent in prison or jail (4 years and 53 days) as well as all applicable good time credit.

Trent has not served any executed time under cause 54C01-0202-FA-00022 exceeding the terms of his original sentencing order. The amended abstract of judgment issued by the Montgomery Circuit Court on September 27, 2007, comports with Indiana law and Trent has failed to demonstrate any violation of a federal constitutional right. As the United States Supreme Court reiterated in granting certiorari from habeas relief ordered in an Indiana capital case, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Corcoran v. Wilson*, 131 S.Ct. 13, 16 (2010)(quoting 28 U.S.C. § 2254(a)). Here, Trent fails to establish the violation of a federal constitutional right.

For the reasons set forth above, the Trent's petition for a writ of habeas corpus is **denied** and judgment consistent with this Entry shall now issue.

---

his probation.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Trent has failed to show that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: __05/21/2013__

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NORMAN G. TRENT
2303 W. Winslow Dr.
Crawfordsville, IN 47933

James Blaine Martin
OFFICE OF THE ATTORNEY GENERAL
Email: james.martin@atg.in.gov